# UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# HARRISONBURG DIVISION

| | |
|---|---|
| IN RE:<br><br>**STEPHEN GREGORY GAINER,**<br><br>　　　**DEBTOR.** | **CHAPTER 7**<br>**CASE NO.: 23-50286** |
| **MORTGAGE ASSETS MANAGEMENT, LLC,**<br><br>　　　MOVANT,<br>V.<br><br>**STEPHEN GREGORY GAINER,**<br><br>　　　**DEBTOR,**<br><br>AND<br><br>**ANDREW S GOLDSTEIN,**<br><br>　　　**TRUSTEE,**<br><br>RESPONDENTS. | FILED PURSUANT TO 11 U.S.C SECTION 362 |

## MOTION SEEKING RELIEF FROM STAY AND NOTICE OF HEARING THEREON
## 5956 SCHOLARS RD, MT CRAWFORD, VA 22841

NOTICE: Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)

　　　If you do not want the Court to grant the relief sought in the motion, or if you want the Court to consider your views on the motion, then on or before the 14th day from the date of service of this Motion, you or your attorney must:

　　　File with the court, at the address shown below, a written response pursuant to

Brandon R Jordan
Virginia Bar # 72170
Robertson, Anschutz, Schneid & Crane LLC
11900 Parklawn Drive
Suite 310
Rockville, MD 20852
Telephone: 844-442-2150
Fax: 240-238-2767
Email: bjordan@rascrane.com

Local Bankruptcy Rule 9013-1. If you mail your response to the Court for filing, you must mail it early enough so the Court will receive it on or before the date stated above.

> United States Bankruptcy Court
> Western District of Virginia
> U.S. Bankruptcy Court
> 116 N. Main St.
> Room 223
> Harrisonburg, VA 22802

You must also send a copy to:

> Brandon R Jordan
> Robertson, Anschutz, Schneid & Crane LLC
> 11900 Parklawn Drive
> Suite 310
> Rockville, MD 20852
> Telephone: 844-442-2150
> Fax: 240-238-2767
> Email: bjordan@rascrane.com

And to:

> Andrew S Goldstein
> PO Box 404
> Roanoke, VA 24003-0404

Attend the hearing scheduled for **September 20, 2023 at 10:00 AM** via Zoom videoconference.

If you or your attorney do not take these steps, the Court may decide you do not oppose the relief sought in the Motion and may enter an Order Granting that Relief without holding a hearing.

Brandon R Jordan
Virginia Bar # 72170
Robertson, Anschutz, Schneid & Crane LLC
11900 Parklawn Drive
Suite 310
Rockville, MD 20852
Telephone: 844-442-2150
Fax: 240-238-2767
Email: bjordan@rascrane.com

**MOTION SEEKING RELIEF FROM STAY**

Comes now Mortgage Assets Management, LLC (the "Movant"), a secured creditor, by Counsel, and moves this Honorable United States Bankruptcy Court for Relief from the Stay imposed by 11 U.S.C. Sections 362(a), and in support thereof, state as follows:

1. This Motion is filed pursuant to 11 U.S.C. Sections 362(d) and Rules 4001 and 9014 of the Bankruptcy Rules, as hereinafter shall more fully appear.

2. The Movant is a secured creditor whose claim is based upon a certain Adjustable Rate Note (Home Equity Conversion) ("Note") dated July 26, 2006 up to a maximum principal amount $300,240.00 and executed by Elda J Ringgold (deceased). The total amount due, including unpaid principal advances in the amount of $135,448.16 due under said Note, interest of $75,428.29 at the Note rate, MIP, servicing fees, corporate advances, and intra month per diem total was approximately $236,576.30 as of June 23, 2023. A copy of an estimated payoff statement is attached hereto, marked as Exhibit A, as is a copy of the said Note, marked as Exhibit B. Repayment of said Note is secured by that certain Adjustable Rate Home Equity Conversion Deed of Trust ("Reverse Deed of Trust") dated July 26, 2006 among the land records of Rockingham County, Virginia, which property has the address of 5956 Scholars Rd, Mt Crawford, VA 22841, and which is more particularly described in the Reverse Deed of Trust as:

> All that certain tract or parcel of land together with all improvements thereon and all rights, privileges and appurtenances thereunto belonging or in anywise appertaining, situated on the west side of State Road No. 988, about two (2) miles south of Pleasant Valley, in Ashby District, Rockingham County, Virginia, and being a portion of seven (7) acre parcel designated as "Tract No. 3" in the deed to E. Warren Denton, Sr., dated December 4, 1957, from Anna Laura Rhodes and husband, duly of record in the Clerk's Office of Rockingham County, Virginia, in Deed Book 263, at page 451; said parcel herein conveyed being more particularly described according to survey made by W. Bernelle Hill, C.L.S., on February 14, 1974, as follows:
>
> "BEGINNING at the easternmost corner of said seven (7) acre tract, a pin beside a corner post of William Sacra in line of another Denton tract; thence, following fence of other Denton tract down grade, S. 53° 10' W. 277.16 feet to a pin, a new corner of Denton's 7 acres tract; thence, with anew line of Denton across tract, N. 20° 50' W. 372.45 feet to a pin beside fence in line of A.J. Van Pelt; thence, with Van Pelt line following fence N. 52° 46' E. 208.28 feet to a pin where fence angles; thence, with fence, N. 83° 31' E. 75.08 feet to a pin at corner post in west line of Road No. 988; thence, with Sacra line fence on west side of road; and thence, leaving road S. 19° 48' E. 336.35 feet to the beginning," containing 2.280 acres, more or less.
>
> AND BEING the same property conveyed to Sherly Warren Ringgold and Elda Jean Ringgold from Sherly Warren Ringgold and Elda Jean Ringgold, by deed dated April 14, 1983, and recorded on August 5, 1983.

A copy of said Reverse Deed of Trust and Assignments of Deed of Trust are attached hereto, marked as Exhibit C, and expressly made a part hereof.

3. Secured Creditor is the holder of the note ("noteholder"), and is either the original mortgagee, beneficiary or assignee of the security instrument for the referenced loan. Noteholder directly or through an agent has possession of the Note and the Note is either made payable to noteholder or has been duly endorsed.

4. On June 19, 2023, Stephen Gregory Gainer ("Debtor") filed a Chapter 7 Bankruptcy petition in the United States Bankruptcy Court for the Western District of Virginia.

5. Based upon the Debtor's schedules, the property is claimed as exempt. The Debtor intends to retain the property and pay pursuant to the contract. The Trustee has not abandoned the property. Stephen Gregory Gainer is an heir to the property and currently resides on the property.

6. Pursuant to the terms of the Note and Reverse Deed of Trust, the entire loan is due and payable upon the death of the original borrower. See Section 7(a) of the Note and

9(a)(i) of the Reverse Deed of Trust. Upon information and belief, the original borrower, Elda J Ringgold, passed away on or about July 29, 2020. As such, the payment default in this case is $236,576.30. A copy of the payment history is attached hereto, marked as Exhibit D, and expressly made a part hereof.

7. By reason of the foregoing, the Movant lacks adequate protection for its security interest and is, and continues to be, irreparably harmed by the continuation of stay of 11 U.S.C. Section 362(a) and that therefore cause exists for the termination thereof.

8. Pursuant to the Rockingham County tax assessment, the subject property has a current value of $262,900.00, which indicates that in the event of a forced sale, there would not be any excess equity after the payment of the administrative costs of sale, the liens on the property, any exemptions of the Debtor and any co-obligor share, for the benefit of the other creditors of the estate and, therefore, cause exists for the lifting of the Stay of 11 U.S.C. Section 362(a). A copy of the tax assessment is attached hereto, marked as Exhibit E, and expressly made a part hereof.

9. Upon entry of an Order terminating the stay of 11 U.S.C. Section 362(a), the Movant should be free to take such actions with respect to the subject property as are set forth under applicable non-bankruptcy law (i.e. modification, short sale and other loss mitigation options).

**WHEREFORE**, Secured Creditor, prays this Honorable Court enter an order modifying the automatic stay under 11 U.S.C. § 362(d) so that the undersigned may proceed to enforce its security interest in the subject property by: (i) instituting or continuing foreclosure proceedings against the subject property in state court, (ii) allowing the successful purchaser at the foreclosure sale to obtain possession of the subject property, (iii) allowing it to take such other

actions with respect to the subject property as are set forth under applicable non-bankruptcy law, (iv) relieving it, its successors and/or assigns from any further filing requirements pursuant to Fed. R. Bankr. P. 3002.1(b)-(c) if the stay is ultimately and unconditionally lifted or terminated, and (v) that the Order be binding and effective upon the Debtor despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code.

### NOTICE OF INTENT TO SUBMIT BUSINESS RECORDS

The Movant will submit business records as evidence at any scheduled hearing, as allowed under Fed. R. Bankr. P. 9017 and FRE 902(11).  These business records and the declaration of their maintenance as business records are available for inspection by the adverse party upon demand.

### NOTICE

**Your rights may be affected.  You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case.  (If you do not have an attorney, you may wish to consult one.)**

**If you do not wish the Court to grant the relief sought in the motion, or if you want the court to consider your views on the motion, then within 14 days from the date of service of this motion, you must file a written response explaining your position with the Court and serve a copy on the movant.  Unless a written response is filed and served within this 14-day period, the Court may deem opposition waived, treat the motion as conceded, and issue an order granting the requested relief without further notice or hearing.**

**If you mail your response to the Court for filing, you must mail it early enough so the Court will receive it on or before the expiration of the 14-day period.**

Date: July 31, 2023

        **Respectfully Submitted,**

        **Robertson, Anschutz, Schneid,**
        **Crane & Partners, PLLC**

        **/s/ BRANDON R. JORDAN**
        Brandon R. Jordan, Esquire
        VA Bar No. 72170
        Robertson, Anschutz, Schneid, Crane & Partners, PLLC
        11900 Parklawn Drive, Suite 310
        Rockville, MD 20852
        Phone: 470-321-7112, ext. 52270
        Fax: (240) 238-2767
        Email: bjordan@raslg.com
        Attorney for Movant

# CERTIFICATE OF SERVICE

I certify that on July 31, 2023, a true copy of the foregoing Motion Seeking Relief from Stay was served upon all necessary parties by electronic mail or by first class U.S. Mail, with adequate postage prepaid on the following persons or entities at the addresses stated:

Via U.S. Mail:

Stephen Gregory Gainer
5956 Scholars Road
Mount Crawford, VA 2284

Via CM/ECF:

William Harville
327 W. Main St., #3
Charlottesville, VA 22903

Andrew S Goldstein
PO Box 404
Roanoke, VA 24003-0404

USTrustee
Office of the United States Trustee
210 First Street, Suite 505
Roanoke, VA 24011

**/s/ BRANDON R. JORDAN**
Brandon R. Jordan, Esquire
VA Bar No. 72170
Robertson, Anschutz, Schneid, Crane & Partners, PLLC
11900 Parklawn Drive, Suite 310
Rockville, MD 20852
Phone: 470-321-7112, ext. 52270
Fax: (240) 238-2767
Email: bjordan@raslg.com